Anthony J. Di Giovanna, J.
An action has been brought to rescind a contract on the ground that the defendants defrauded the plaintiffs. The contract, among other things, provided that ‘ ‘ in the event of any dispute concerning this agreement between the parties hereto, such dispute shall be settled in the following manner: The Purchasers shall designate a party to serve as an umpire and the stockholder shall select a party to serve as their umpire, and these two umpires shall select a third umpire *579 to whom all such disputes shall be submitted. Any decision reached by these umpires shall be binding upon the parties hereto.” The plaintiffs purchased a business from the defendants on May 2, 1960. The gravamen of the complaint is based upon allegations that the defendants fraudulently represented to the plaintiffs facts concerning the income of the business. The transaction was one involving cash and notes. The last two notes of $100 each were unpaid.
The affidavit of the defendant William Czeisler states as follows: That in or about February, 1961 a dispute arose between the parties with respect to oral representations made by petitioner or his agents to induce the sale of the aforesaid stock and bakery business. By mutual consent all parties agreed to submit their dispute to Yaakov Lebowitz and Rabbi Macapish. The moving affidavit admits the fact that arbitration was actually commenced among the parties. Rudy Dresdner says: “ Since the contract for the sale of the stock contained an arbitration clause, plaintiffs consulted a Rabbi Yaakov Lebowitz with regard to arbitration proceedings and requested him to serve a demand for arbitration upon the defendants.” Pursuant to notice all the parties appeared before the rabbi at 542 Bedfard Avenue on February 12, 1961. Thereupon all of the parties executed an agreement to arbitrate. The plaintiffs designated Rabbi Naftula Landau and the defendant Winter designated Rabbi Goldman. These two arbitrators in turn designated Rabbi Lebowitz. Several hearings were thereafter held. At the last hearing the defendant Winter announced to the arbitrators that in his opinion the defendants were entitled to an additional arbitrator on the ground that according to advice which he had received each party to an arbitration proceeding, according to rabbinical law, had the right to designate two arbitrators rather than one. In view of the fact that the hearings had already been concluded and that only the making of a decision remained to be done, the plaintiffs strenuously objected further on the ground that such demand by the defendant was not in conformity with the arbitration provision. One of the arbitrators supported the defendant in his contention that under rabbinical law each party was entitled to designate two arbitrators. Rabbi Landau, one of the arbitrators, held that the defendants, having proceeded with the arbitration with one arbitrator, had waived their right to insist on two arbitrators. Thereupon, among themselves, the arbitrators reached an agreement or decision wherein they decided that the arbitration should have taken place before five arbitrators. Disagreement among the parties ensued and then this action was commenced.
*580 The so-called decision seems not to have incorporated any determination of the dispute which originally precipitated the arbitration.
On this motion the defendants seek to stay the fraud action and compel the arbitration to be held in accordance with the terms of the contract and the arbitration clause therein contained.
In my opinion the arbitrators were without power to increase the number agreed upon between the parties in the contract of sale. Commencement of an action in fraud to set aside the contract could not ordinarily be stayed unless the facts clearly show that such fraud action cannot now be brought. The plaintiffs initiated the arbitration proceeding upon the very issues which are presented in the pleadings in this court. Having done so, the plaintiffs affirmed the existence of the contract and cannot now bring an action for fraud. In view of the improper actions of the arbitrators to whom the dispute was originally referred, it will be necessary that a completely new arbitration be held. The procedure that followed the original arbitration was entirely wrong. The arbitrators should have been permitted to file their decision and then proper motions could have been made under the Civil Practice Act with respect thereto. However, in view of the confusion which now exists, it will serve the interests of all parties to commence a new hearing. In the order to be settled herein on notice each party may submit the name of one arbitrator. Provision will be made in the order for the selection of a third arbitrator by those two in accordance with the terms of the agreement.